HARDY, Judge.
This is an action in tort for the recovery of damages for injuries to person and property of the respective plaintiffs, result *642 ing from an automobile collision. From a judgment in favor of plaintiffs, the defendants have appealed.
The accident occurred on State Highway No. 1 at or about 11:40 P. M. on April 22, 1958, when a car driven by plaintiff, James Allen Edmonson, owned by his father and co-plaintiff, Allen Thomas Ed-monson, collided with a truck owned by defendant, D. C. Hall Company, insured by Transport Insurance Company, both of which were named as defendants and against whom the judgment was rendered in solido.
Charges and counter-charges of negligence were asserted in the pleadings of the parties litigant, and the resolution of such questions depends exclusively upon issues of fact.
The only eye witnesses to the accident were the drivers of the vehicles involved. Both vehicles were northbound on the highway. Plaintiff, James Allen Edmon-son, testified that while driving at a speed of approximately sixty miles per hour, he elected to pass the Hall truck; signified his intention by blinking his lights, though he did not sound his horn; pulled into the left lane of the highway, and as he was in close proximity to the truck, estimated at approximately a car length, the driver of that vehicle negligently pulled into the left lane ahead of plaintiff’s car. This alleged act of negligence is asserted to be the sole and proximate cause of the accident and resulting damages for which recovery is sought. This witness further testified that he attempted to avoid the collision with the truck by pulling to his right and applying his brakes, but without avail; that his car skidded, ran off the right or east shoulder of the road, and that he remembers nothing of the actual impact nor any later occurrences in connection with the accident.
To the contrary, the driver of the truck, one Kenneth Woodard, testified that he was following a slow moving vehicle which-he determined to pass when approaching traffic permitted; made observation for following traffic, and perceiving nothing except the lights of a vehicle which he estimated to be approximately a quarter of a mile to his rear, pulled into his left lane, and as he was attempting to pass the lead vehicle heard the screeching of brakes on the highway immediately to his rear, which noise stopped, then was heard again; felt the impact of a collision on the right side of his truck, whereupon he permitted the vehicle ahead of him to move down the road, after which he brought his truck to a stop on the east shoulder of the road; dismounted from the cab and returned to the point where the car had come to rest.
The only other witness on trial of the case was a State Trooper, Corporal B. D. Morgan, who investigated the accident, reaching the scene thereof some forty minutes after its occurrence. The testimony of this witness, who was tendered by plaintiff, as to the facts ascertained in the course of his investigation, completely destroys young Edmonson’s version of the occurrence. Corporal Morgan testified that he found skid marks made by the Edmonson car for a distance of 200 feet, all in the east lane of the highway; that the car then veered off upon the right or east shoulder of the highway, returned to the paved slab and continued to skid for an additional distance of 200 feet to the point of impact, never at any time theretofore crossing the center line of the highway.
The testimony of the witnesses, as above noted, clearly justifies the conclusion that Edmonson was driving at an excessive rate of speed; that he had not embarked upon the attempt to pass the defendant’s truck at the time the latter had preempted the west or passing lane; that his excessive speed caused him to lose control of his automobile, and that his gross negligence was the sole and proximate cause of the collision. As a correlated conclusion, it is equally clear that no negligence of any nature or degree has been proved as against the driver of the Hall truck.
*643 It is abundantly clear that the judgment appealed from is manifestly erroneous, and, accordingly, it is set aside, annulled, and reversed, and judgment is now entered in favor of defendants rejecting plaintiff’s demands at their cost.